UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>(1)  JOSHUA TEIXEIRA, a/k/a "Trouble," )<br>(2)  JOSEPH GOMES, a/k/a "J-Money," )<br>(3)  WILSON GONCALVES-MENDES, )<br>            a/k/a "Dub," )<br>(4)  SAMAEL MATHIEU, a/k/a "Hamma," )<br>(5)  DAMIAN CORTEZ, )<br>(6)  MICHAEL BRANDAO, a/k/a "Fredo," )<br>(7)  KELVIN BARROS, a/k/a "Kal," )<br>(8)  RICKY PINA, a/k/a "Blake," )<br>(9)  DAVID RODRIGUEZ, and )<br>(10) DARIUS BASS, a/k/a "Tre," )<br><br><br><br><br>            Defendants | Cr. No. 20cr10197-LTS<br><br>Violations:<br><br>Count One: Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity<br>(18 U.S.C. § 1962(d))<br><br>Count Two: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances<br>(21 U.S.C. § 846)<br><br>Counts Three and Four: Possession with Intent to Distribute Controlled Substances<br>(21 U.S.C. § 841(a)(1))<br><br>Count Five: Possession of a Firearm in Furtherance of a Drug Trafficking Crime<br>(18 U.S.C. § 924(c))<br><br>Count Six: Felon in Possession of a Firearm and Ammunition<br>(18 U.S.C. § 922(g)(1))<br><br>Count Seven: Mann Act<br>(18 U.S.C. § 2421)<br><br>Counts Eight and Nine: Possession with Intent to Distribute Controlled Substances<br>(21 U.S.C. § 841(a)(1))<br><br>RICO Forfeiture Allegation:<br>(18 U.S.C. § 1963(a))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853) |

)  <u>Firearm Forfeiture Allegation</u>:
)  (18 U.S.C. § 924(d)(1) & 28
)  U.S.C. § 2461)
)
)  <u>Forfeiture Allegation</u>:
)  (18 U.S.C. § 981(a)(1)(C) & 28
)  U.S.C. § 2461)

## SUPERSEDING INDICTMENT

COUNT ONE
Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity
(18 U.S.C. § 1962(d))

The Grand Jury charges:

The Enterprise

From a date unknown to the Grand Jury, but no later than on or about 2016, and continuing

to the date of this superseding indictment, in the District of Massachusetts, and elsewhere:

Defendants (1) JOSHUA TEIXEIRA, a/k/a "Trouble," (2) JOSEPH GOMES, a/k/a "J-

Money," (3) WILSON GONCALVES-MENDES, a/k/a "Dub," (4) SAMAEL MATHIEU, a/k/a

"Hamma," (6) MICHAEL BRANDAO, a/k/a "Fredo," (7) KELVIN BARROS, a/k/a "Kal," (8)

RICKY PINA, a/k/a "Blake," (9) DAVID RODRIGUEZ, and (10) DARIUS BASS, a/k/a "Tre,"

and others known and unknown to the Grand Jury, were leaders, members and associates of an

organization whose leaders, members and associates engaged in, among other things, murder,

conspiracy to commit murder, attempted murder, assault with intent to commit murder, armed

robbery, robbery, conspiracy to distribute controlled substances (including, but not limited to,

fentanyl, marijuana, cocaine, cocaine base and heroin), possession with intent to distribute

controlled substances (including, but not limited to, fentanyl, marijuana, cocaine, cocaine base and

heroin), distribution of controlled substances (including, but not limited to, fentanyl, marijuana,

cocaine, cocaine base and heroin), transportation for illegal sexual activity, interstate and foreign

travel in aid of racketeering enterprises, and tampering with a witness, victim, or informant.  At

all relevant times, this organization, known as "NOB" operated in the District of Massachusetts

and elsewhere.

NOB, including its leaders, members and associates, constituted an "enterprise," as defined

by Title 18, United States Code, Section 1961(4) (hereinafter "NOB" or the "Enterprise"), that is,

3

a group of individuals associated in fact.   NOB constituted an ongoing organization whose leaders, members and associates functioned as a continuing unit for the common purpose of achieving the objectives of NOB.   NOB was engaged in, and its activities affected, interstate and foreign commerce.

### Purposes of the Enterprise

The purposes of the Enterprise included the following:

a.    Committing violence against enemies and rivals of the Enterprise, and its leaders, members and associates, including acts involving murder, robbery and assault;

b.    Protecting the leaders, members, and associates of the Enterprise from attacks and intimidation from enemies and rivals of the Enterprise;

c.    Enriching the leaders, members and associates of the Enterprise through, among other things, drug trafficking, robbery and prostitution;

d.    Preserving, protecting and expanding the power of the Enterprise, through the use of murder, assaults, intimidation, violence, and threats of violence; and

e.    Promoting and enhancing the Enterprise, and the activities of its leaders, members and associates.

### The Means and Methods of The Enterprise

Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

a.    Leaders, members, and associates of NOB used the Enterprise to commit, attempt to commit, and threaten to commit, acts of violence (including acts involving murder, robbery, and assault) to protect and expand the Enterprise's criminal

4

operations as well as to retaliate against enemies and rivals of the Enterprise;

b.  Leaders, members, and associates of NOB used NOB to promote a climate of fear through violence and threats of violence in order to intimidate potential rivals to NOB and potential witnesses to its illegal activities;

c.  Leaders, members, and associates of NOB promulgated certain rules to be followed by all participants in NOB, including the rule that a participant in NOB not act as an informant for law enforcement regarding the criminal activities of NOB.  To enforce the rules of NOB, the leaders, members, and associates of NOB assaulted and threatened participants in NOB and others who violated their rules;

d.  Leaders, members, and associates of NOB distributed, possessed with intent to distribute, and conspired to distribute controlled substances (including, but not limited to, fentanyl, marijuana, cocaine, cocaine base and heroin) in the District of Massachusetts, and elsewhere;

e.  Leaders, members, and associates of NOB possessed, carried, and used firearms to protect their operations from theft, robbery, and competition from others.  These weapons were possessed, carried, and used for various reasons, including but not limited to: assaulting rivals of NOB; protecting NOB's narcotics and the proceeds of drug distribution; ensuring that drug distribution activities were controlled by the leaders, members, and associates of NOB; intimidating others from attempting to steal NOB's narcotics and narcotics proceeds; intimidating potential witnesses to NOB's illegal activities; and ensuring the personal safety of leaders, members, and associates of NOB;

5

    f.     To generate income, leaders, members, and associates of NOB engaged in robberies, including armed robberies, prostitution, and trafficking in controlled substances; and

    g.     To generate income, leaders, members, and associates of NOB were entitled to conduct, and, in fact, conducted illegal activities under the protection of NOB.

The Racketeering Conspiracy

From a date unknown to the Grand Jury, but beginning in at least in or about 2016, and continuing to the date of this indictment, in the District of Massachusetts and elsewhere, the defendants,

(1)    JOSHUA TEIXEIRA, a/k/a "Trouble,"
(2)    JOSEPH GOMES, a/k/a "J-Money,"
(3)    WILSON GONCALVES-MENDES, a/k/a "Dub," and
(4)    SAMAEL MATHIEU, a/k/a "Hamma,"
(6)    MICHAEL BRANDAO, a/k/a "Fredo,"
(7)    KELVIN BARROS, a/k/a "Kal,"
(8)    RICKY PINA, a/k/a "Blake,"
(9)    DAVID RODRIGUEZ, and
(10)   DARIUS BASS, a/k/a "Tre,"

and others known and unknown to the Grand Jury, being persons employed by and associated with NOB, an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly conspire with each other, and with other persons known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and (5).

It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

The Pattern of Racketeering

The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which (1) JOSHUA TEIXEIRA, a/k/a "Trouble," (2) JOSEPH GOMES, a/k/a "J-Money," (3) WILSON GONCALVES-MENDES, a/k/a "Dub," (4) SAMAEL MATHIEU, a/k/a "Hamma," (6) MICHAEL BRANDAO, a/k/a "Fredo," (7) KELVIN BARROS, a/k/a "Kal," (8) RICKY PINA, a/k/a "Blake," (9) DAVID RODRIGUEZ, and (10) DARIUS BASS, a/k/a "Tre," (collectively "Defendants"), others known and unknown to the Grand Jury, agreed to conduct and participate in the conduct of the affairs of the enterprise, NOB, consisted of:

a.   multiple offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846;

b.   multiple acts involving murder, in violation of Massachusetts General Laws, Chapter 265, Section 1 (murder), Section 15 (assault with intent to murder), and Section 18 (armed assault with intent to murder), and in violation of Massachusetts General Laws, Chapter 274, Section 6 (attempt) and 7 (conspiracy);

c.   multiple acts involving robbery, in violation of Massachusetts General Laws, Chapter 265, Section 17 (armed robbery), and Section 19 (unarmed robbery), and in violation of Massachusetts General Laws, Chapter 274, Section 6 (attempt) and Section 7 (conspiracy);

d.   multiple acts indictable under Title 18, United States Code, Section 2421 (relating

7

to transportation for illegal sexual activity);

e.      multiple acts indictable under Title 18, United States Code, Section 1952 (relating
to racketeering); and

f.      multiple acts indictable under Title 18, United States Code, Section 1512 (relating
to tampering with a witness, victim, or an informant).

All in violation of Title 18, United States Code, Section 1962(d).

COUNT TWO
Conspiracy to Distribute and to Possess with Intent to Distribute
Controlled Substances
(21 U.S.C. § 846)

The Grand Jury further charges:

From a date unknown to the Grand Jury, and continuing through the present date, in the

District of Massachusetts, and elsewhere, the defendants,

(1)    JOSHUA TEIXEIRA, a/k/a "Trouble,"
(4)    SAMAEL MATHIEU, a/k/a "Hamma,"
(6)    MICHAEL BRANDAO, a/k/a "Fredo,"
(7)    KELVIN BARROS, a/k/a "Kal," and
(8)    RICKY PINA, a/k/a "Blake,"

conspired with each other and with other persons known and unknown to the Grand Jury, to

knowingly and intentionally distribute and possess with intent to distribute a mixture and substance

containing a detectable amount of marijuana, a Schedule I controlled substance, a mixture and

substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl]

propanamide, also known as fentanyl, a Schedule II controlled substance, a mixture and substance

containing a detectable amount of cocaine base, a Schedule II controlled substance, and a mixture

and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in

violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

9

COUNT THREE
Possession with Intent to Distribute
400 grams or More of Fentanyl; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about June 16, 2020, in Attleboro, in the District of Massachusetts, the defendant,

(5) DAMIAN CORTEZ,

did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture

and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl]

propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vi), and

Title 18, United States Code, Section 2.

## COUNT FOUR
Possession with Intent to Distribute
28 grams or more of Cocaine Base and 40 grams or more of Fentanyl; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) and (vi); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about June 16, 2020, in Brockton, in the District of Massachusetts, the defendant,

(3) WILSON GONCALVES-MENDES, a/k/a "Dub,"

did knowingly and intentionally possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, and 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii) and (vi), and Title 18, United States Code, Section 2.

11

COUNT FIVE
Possession of a Firearm in Furtherance of a Drug Trafficking Crime
(18 U.S.C. § 924(c))

The Grand Jury further charges:

On or about June 16, 2020, in Brockton, in the District of Massachusetts, the defendant,

(3) WILSON GONCALVES-MENDES, a/k/a "Dub,"

did knowingly possess a firearm, that is, a Glock, Model 19, 9mm pistol, with an obliterated serial

number, in furtherance of the drug trafficking crime charged in Count Four.

All in violation of Title 18, United States Code, Section 924(c).

COUNT SIX
Felon in Possession of Firearm and Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about June 16, 2020, in Dorchester, in the District of Massachusetts, the defendant,

(2) JOSEPH GOMES, a/k/a "J-Money,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, that is, a Smith & Wesson, 9mm pistol, bearing serial number RBB0203, and six rounds of 9mm ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SEVEN
Mann Act
(18 U.S.C. §§ 2421 and 2)

The Grand Jury further charges:

On or about October 28, 2017, in the District of Massachusetts and elsewhere, the defendant,

## (5) DAMIAN CORTEZ,

knowingly transported Jane Doe in interstate commerce, from Massachusetts to Maine, with the intent that Jane Doe engage in prostitution and sexual activity for which a person can be charged with a criminal offense.

All in violation of Title 18, United States Code, Sections 2421 and 2.

14

## COUNT EIGHT
Possession with Intent to Distribute Cocaine; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about February 1, 2018, in Boston, in the District of Massachusetts, the defendant,

(7) KELVIN BARROS, a/k/a "Kal,"

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

15

COUNT NINE
Possession with Intent to Distribute Fentanyl; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about July 20, 2019, in Boston, in the District of Massachusetts, the defendant,

(8) RICKY PINA, a/k/a "Blake,"

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

16

RICO FORFEITURE ALLEGATION
(18 U.S.C. § 1963(a))

1.    Upon conviction of the offense in violation of Title 18, United States Code,

Section 1962, set forth in Count One, the defendants,

    (1)    JOSHUA TEIXEIRA, a/k/a "Trouble,"
    (2)    JOSEPH GOMES, a/k/a "J-Money,"
    (3)    WILSON GONCALVES-MENDES, a/k/a "Dub,"
    (4)    SAMAEL MATHIEU, a/k/a "Hamma,"
    (6)    MICHAEL BRANDAO, a/k/a "Fredo,"
    (7)    KELVIN BARROS, a/k/a "Kal,"
    (8)    RICKY PINA, a/k/a "Blake,"
    (9)    DAVID RODRIGUEZ, and
    (10)    DARIUS BASS, a/k/a "Tre,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963(a):

    a.  any interest acquired or maintained in violation of Title 18, United States Code, Section 1962;

    b.  any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

    c.  any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

2.    If any of the property described in Paragraph 1, above, as being forfeitable

pursuant to Title 18, United States Code, Section 1963(a), as a result of any act or omission of

the defendants --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

17

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 1963.

## DRUG FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further finds:

1.      Upon conviction of one or more of the offenses in violation of Title 21, United

States Code, Sections 841 and 846 and Title 18, United States Code, Section 2, set forth in

Counts Two through Four and Eight and Nine, the defendants,

> (1)   JOSHUA TEIXEIRA, a/k/a "Trouble,"
> (4)   SAMAEL MATHIEU, a/k/a "Hamma,"
> (5)   DAMIAN CORTEZ,
> (6)   MICHAEL BRANDAO, a/k/a "Fredo,"
> (7)   KELVIN BARROS, a/k/a "Kal," and
> (8)   RICKY PINA, a/k/a "Blake,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any

property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result

of such offense(s); and any property used, or intended to be used, in any manner or part, to

commit, or to facilitate the commission of, such offenses.

The property to be forfeited includes, but is not limited to, the following asset:

> a.  $670 in United States currency seized from Wilson Goncalves-Mendes on June 16, 2020 in Brockton, MA; and
> b.  Assorted ammunition seized from Wilson Goncalves-Mendes on June 16, 2020 in Brockton, MA, including:
>> i.   25 rounds of .40 caliber PMC ammunition;
>> ii.  1 round of ammunition; and
>> iii. 17 rounds of .9 caliber Sellier & Bellot ammunition.

2.      If any of the property described in Paragraph 1, above, as being forfeitable

pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the

defendants --

> a.  cannot be located upon the exercise of due diligence;

19

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the property

described in Paragraph 1 above.

     All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
### (18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

1.     Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 922 and 924, set forth in Counts Five and Six, the defendants,

       (2)     JOSEPH GOMES, a/k/a "J-Money," and
       (3)     WILSON GONCALVES-MENDES, a/k/a "Dub,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses.

2.     If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

     a.  cannot be located upon the exercise of due diligence;

     b.  has been transferred or sold to, or deposited with, a third party;

     c.  has been placed beyond the jurisdiction of the Court;

     d.  has been substantially diminished in value; or

     e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

21

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1.      Upon conviction of the offense in violation of Title 18, United States Code,

Sections 2421 and 2, set forth in Count Seven, the defendant,

(5)      DAMIAN CORTEZ,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C),

and Title 28, United States Code, Section 2461(c), any property, real or personal, which

constitutes or is derived from proceeds traceable to the offense.

2.      If any of the property described in Paragraph 1, above, as being forfeitable

pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States

Code, Section 2461(c), as a result of any act or omission of the defendants --

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without
     difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United

States Code, Section 2461(c).

22

A TRUE BILL

FOREPERSON

MICHAEL CROWLEY
COREY STEINBERG
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: OCTOBER ___14___, 2020

Returned into the District Court by the Grand Jurors and filed.

/s/ Harold Putnam    10/14/2020; 2:03 p.m.

DEPUTY CLERK

23