UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 20-cr-10197-LTS |
| | ) | |
| JOSHUA TEIXEIRA, et al, | ) | |
| Defendants | ) | |

## MOTION TO COMPEL PRODUCTION OF DISCOVERY UNDER LOCAL RULE 116.6

Now come the defendants under Local Rule 116.6(a) and move to compel the government to produce the evidence it declines to provide.

## PROCEDURAL HISTORY

On September 16, 2020, indictments were returned against the following defendants: Joshua Teixeira, Joseph Gomes, Wilson Goncalves-Mendes, Samael Mathieu, and Damian Cortez (Doc. #115).

On October 14, 2020, superseding indictments were returned against the same defendants, along with five (5) additional defendants – Michael Brandao, Kelvin Barros, Ricky Pina, David Rodriguez, and Darius Bass (Doc. 145). The ten defendants are numbered in the order listed above; Mr. Teixeira is number 1, Mr. Bass is number 10.

On October 26, 2020, Mr. Teixeira, Mr. Gomes, Mr. Mathieu, Mr. Brandao, Mr. Barros, and Mr. Rodriguez were arraigned. On October 29, 2020 Mr. Cortez was arraigned. On October 30, 2020, Mr. Goncalves-Mendes and Mr. Bass were arraigned. On November 10, 2020, Mr. Pina was arraigned.

On December 8, 2020 the Court (Kelley, MJ) held an initial status conference. After hearing from counsel for both sides, the Court issued an Initial Status Report (Doc. # 199). The report notes that "there is still much discovery to be provided. Discovery is voluminous…. It is premature to set a schedule for requests for discovery by defendants." (Id.). Since that hearing date, counsel for the defendants have met four (4) times by web

1

conference and discussed their positions on the government's anticipated, and now realized, declination to provide certain discovery.

In an effort to resolve the outstanding discovery issues, representatives of the defense group (Attorneys Grimaldi and Fasoldt) have communicated with the government's attorney (AUSA Crowley) on multiple occasions by email and telephone. The parties agree on most discovery issues. The issue on which the parties cannot agree is one involving the revelation of certain witness information. To that end, the government filed a "Memorandum Regarding Declination to Produce Witness Information at This Time" (hereinafter referred to as the "Memo") on January 14, 2021. (Doc. # 203). The defendants oppose the memo in unison.

## ARGUMENT

A. *Why Disclosure is Sought by the Defendants*

Under Local Rule 116.6(a), "[i]f the opposing party seeks to challenge the declination, that party shall file a motion to compel that states the reasons why disclosure is sought."

The defendants' interests in obtaining witness information are substantial. Generally, disclosure of the witness information is necessary for the defendants to prepare their cases. Being deprived of the full set of discovery prohibits the men from viewing the complete evidentiary picture. This is particularly important where the defendants are accused of RICO Conspiracy,[1] in which the government may argue that evidence against one defendant constitutes evidence against all defendants. In a case charging RICO Conspiracy, "the government does not need to prove that the defendant 'himself commit[ted] or agree[d] to commit the two or more predicate acts requisite to the underlying offense.'" United States v. Leoner-Aguirre, 939 F.3d 310, 317 (1st Cir.), citing United States v. Salinas, 522 U.S. 52, 65. It is crucial that well in advance of trial the defendants be permitted to learn – in total, not bits – the specifics of the predicate acts which the government may use at trial.

---

[1] Of the ten defendants, only one, Damian Cortez (5), is not charged with RICO Conspiracy.

Having access to the witness information also allows each defendant to make a more informed choice between a trial and a change of plea. Being deprived of witness materials inhibits plea discussions. The government will have to eventually disclose the identities of these witness. United States v. Ramos, 210 F.Supp.2d 1 (D.Mass. 2002) (ordering disclosure of informant's identity despite government's assertions that defendant had ties to a street gang and that the informant was continuing to cooperate in ongoing investigations).

Also, limiting the dissemination of witness information prohibits meaningful and complete investigation into witness backgrounds, their motives to lie, and any inaccuracies in their anticipated testimony for the government.

Compelling discovery production is necessary to protect the defendants' constitutional rights to due process of law under the Fifth Amendment

B. *Why the Government's Argument Fails*

Under Local Rule 116.6(a), the party requesting the declination order must state the "specific matters on which disclosure is declined." In this case, the evidence which the government seeks to withhold is characterized only as "information concerning potential witness[es.]" (Memo, p. 2). The Memo fails to specify which evidence, or categories of evidence, the government intends to withhold; such as, identities of witnesses, the roles of the witnesses in committing the crimes, criminal records, and outstanding criminal charges. Moreover, the government's Memo does not distinguish between the so-called 28-day discovery materials under Local Rule 116.2(b)(1) – which must be provided to the defendants within 28 days of arraignment – and the 21-day materials; that is, information that must be provided not later than 21 days before trial under Local Rule 116.2(b)(2).  As such, the defendants interpret the government's Memo as a notice that the government intends to withhold all evidence concerning certain civilian witnesses.

This blanket request is overbroad. "Whereas blanket protective orders are 'useful and expeditious in large scale litigation,' . . . they can be overbroad and unnecessary." United States v. Williams, Crim. No. 15-10145-RGS, 2015 WL 5923551, at *13 (D. Mass. Oct. 9, 2015) (quoting United States v. Smith, 985 F. Supp. 2d 506, 545 (S.D.N.Y. 2013)) (citations omitted). Under Fed. R. Crim. P. 16(d), the Court

3

has power to determine the manner, content, and timing by which discovery must be provided. "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." (emphasis added); see United States v. Bulger, 283 F.R.D 46, *52 (D. Mass. 2012) ("good cause" provides basis to enter protective order under Rule 16(d) and "requires a particularized, specific showing"). The government's Memo lacks a "showing of good cause for confidentiality as to any individual documents.'" Id. By painting all discovery with the same broad brush, the government fails to establish "good cause" for the declination. See United States v. Cecchetelli, et al, No. 1:19-cr-10459, ECF No. 508 (D.Mass. Feb. 12, 2020) (Bowler, M.J.) (denying motion for protective order). We ask the Court to deny the blanket request and compel the government to provide the witness information.

The government cites instances of alleged witness intimidation and obstruction of justice. Importantly, these acts involve fewer than half of the charged defendants. Of course, the defendants do not ignore the government's need to protects its witnesses. In a close call between the constitutional rights of criminal defendants and governmental concerns of witness safety, the defendants' rights ought to prevail. Even if the Court finds that some protection is needed, the methods must be narrowly tailored.

Lastly, the government has at its disposal resources which can protect its witnesses, including security detail and, perhaps relocation.

## CONCLUSION

The defendants maintain that the wholesale refusal to provide witness information is overbroad, unreasonable and unconstitutional. Accordingly, the defendants oppose the government's declination memo and request that the Court compel production of discovery.

Date:  February 2, 2020

By the attorneys for all defendants,

| | |
|---|---|
| For Joshua Teixeira (1): | For Michael Brandao (6): |
| */s/ Peter Parker* <br> E. Peter Parker, Esq. <br> Law Office of E. Peter Parker <br> The Wheelhouse at Bradford Mill <br> 33 Bradford St <br> Concord, MA 01742 | */s/ Carlos Apostle* <br> Carlos Alonso Apostle, Esq. <br> Law Offices of Carlos A. Apostle <br> One McKinley Square <br> Boston, MA 02109 |
| For Joseph Gomes (2): | For Kelvin Barros (7): |
| */s/ Victoria Kelleher* <br> Victoria R. Kelleher, Esq. <br> One Marina Park Drive, Suite 1410 <br> Boston, MA 02210 | */s/ Kevin Reddington* <br> Kevin J. Reddington, Esq. <br> Law Offices of Kevin J. Reddington <br> 1342 Belmont Street, Suite 203 <br> Brockton, MA 02301 |
| For Wilson Goncalves-Mendes (3): | For Ricky Pina (8): |
| */s/ David Grimaldi* <br> David J. Grimaldi, Esq. <br> David J. Grimaldi, P.C. <br> 929 Massachusetts Avenue, Suite 200 <br> Cambridge, MA 02139 | */s/ Derege Demissie* <br> Derege B. Demissie, Esq. <br> Demissie & Church <br> 929 Massachusetts Avenue, Suite 101 <br> Cambridge, MA 02139 |
| For Samael Mathieu (4): | For David Rodriguez (9): |
| */s/ Bryan Owens* <br> Bryan P. Owens, Esq. <br> Owens Criminal Defense <br> 100 State Street, 9th Flr. <br> Boston, MA 02109 | */s/ George Vien* <br> George W. Vien, Esq. <br> Joshua Ruby, Esq. <br> Donnelly, Conroy & Gelhaar, LLP <br> Franklin Street, 1600 <br> Boston, MA 02110 |
| For Damian Cortez (5): | For Darius Bass (10): |
| */s/ Henry Fasoldt* <br> Henry Fasoldt, Esq. <br> C. Henry Fasoldt, Attorney at Law <br> 185 Devonshire Street, Suite 302 <br> Boston, MA 02110 | */s/ Joan Fund* <br> Joan M. Fund, Esq. <br> 245 First Street, <br> Riverview II Suite 1800 <br> Cambridge, MA 02142 |

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this date, February 2, 2021

                                              /s/ Henry Fasoldt
                                              Henry Fasoldt